IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| COURTNEY PALACIOS, | § | |
|         Plaintiff, | § | CIVIL ACTION |
| | § | |
| v. | § | |
| | § | NO. 6:18-cv-325 |
| MICHAEL TICE, in his individual | § | |
| and official capacity, | § | JURY TRIAL DEMANDED |
|         Defendant. | § | |

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Courtney Palacios ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343, and the Fourth and Fourteenth Amendments to the United States Constitution, to vindicate her rights to be free from assault and unlawful search, and files this, her Original Complaint, complaining of Michael Tice ("Defendant"), and for cause of action would show the Court as follows:

### INTRODUCTION

Trooper Michael Tice wrongfully arrested Miss Palacios for a State Jail Felony in Falls County, Texas. That felony was later no billed by Falls County grand jurors. After her arrest, Miss Palacios was transported to Falls County Jail, where a female jailer and Trooper Tice processed her. While being processed it was discovered Miss Palacios had nipple studs, and Trooper Tice and law enforcement personnel with him demanded that these items be removed. Miss Palacios tried to remove the studs but had difficulties and expressed this to both a female jailer and Trooper Tice, who were both standing there watching Miss Palacios with her breasts exposed. Trooper Tice became impatient and decided he would try to remove the studs by placing Miss Palacios breasts in his hand and grabbing and pulling the studs. Miss. Palacios began bleeding and crying due to

the pain. Trooper Tice stopped only to go to his car to get pliers, so he could continue with his removal attempts. Fortunately, the pliers were not used and the studs were subsequently not removed.

As a result of this unlawful search, Miss Palacios has suffered emotional, mental, and physical pain. Trooper Tice should have never touched Miss Palacios, much less groped her breasts, pulled on items attached to her nipples, or applied a set of pliers to items attached to those nipples. Miss Palacios' constitutional rights were violated, and Trooper Tice's actions did not further a legitimate law enforcement interest.

## I.   PARTIES

1. Plaintiff Courtney Palacios resides in the State of Texas and is domiciled in Burleson, Tarrant County, Texas.

2. Made Defendant herein is Michael Tice, who, upon information and belief, is and was at all times relevant to this Complaint a Trooper with the Texas Department of Public Safety.

## II.   JURISDICTION

3. This action alleges the violation of rights under 42 U.S.C. § 1983. Thus, the predominant action herein gives rise to the jurisdiction in this Court pursuant to 28 U.S.C. § 1331. Furthermore, there exists additional state causes of action that arise out of the same transaction or occurrence as the underlying federal cause of action, and this Court has ancillary jurisdiction over these counts pursuant to 28 U.S.C. § 1367. Finally, this Court also has jurisdiction under 28 U.S.C. §§ 1343(a)(3)-(4).

### III. VENUE

4. The events or omissions giving rise to the instant lawsuit all occurred within the Western District of Texas. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

### IV. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

### V. BACKGROUND FACTS RELEVANT TO ALL COUNTS

6. On October 31, 2016, Defendant Trooper Michael Tice stopped a vehicle driven by Braxton Faust for an alleged traffic violation.

7. Four (4) individuals occupied the vehicle: Braxton Faust (driver), James McNulty (front passenger), Tyler Meyers (back driver's side passenger), and Courtney Palacios (back passenger side).

8. While searching the vehicle, Defendant Trooper Tice found one pill loose in the driver side door panel pocket.

9. Defendant Trooper Tice asked all occupants about the ownership of the pill. When no one claimed ownership, Trooper Tice arrested all four occupants, rather than just the driver Braxton Faust.

10. All four occupants were arrested under a citation for Possession of a Controlled Substance <1G, a State Jail Felony.

11. Once Plaintiff, Courtney Palacios, arrived at Falls County jail, she was processed by Defendant Trooper Tice and a female jailer.

12. Miss Palacios was told to undress and put on jail clothing by the female Falls County jailer.

13. At this point, it was discovered that Miss Palacios had "nipple studs", and she was told to remove the studs.

14. Miss Palacios tried to remove the studs but struggled unsuccessfully to do so.

15. During this time, both the female jailer and Defendant Trooper Tice were standing in front of Miss Palacios, watching Miss Palacios with her breasts exposed.

16. Defendant Trooper Tice expressed impatience, and without seeking Miss Palacios consent or seeking the assistance of the jailer or another female law enforcement or corrections officer, grabbed Miss Palacios and tried to remove the studs.

17. Defendant Trooper Tice placed Miss Palacios breast in his bare hand and began pulling and tugging at Miss Palacios nipple in an attempt to remove the stud.

18. Miss Palacios began to bleed and cry from the pain.

19. Defendant Trooper Tice was unable to remove the studs, so he went to his car stating that he was doing so to get a pair of pliers.

20. Though he did bring the pliers, he did not use them due to Miss Palacios emotional response and the bleeding from the injuries he caused, and the nipple studs were not removed.

21. As a result of this humiliating and painful experience, Miss Palacios has suffered emotional, mental, and physical pain.

22. Miss Palacios had to see later medical care for the injury to her breasts and the infection that resulted from that injury.

23. At all pertinent times during Miss Palacios arrest and his assault upon her, Defendant was acting within the course and scope of his employment with the Texas Department of Public Safety.

24. Defendant used an unreasonable search and physical contact against Miss Palacios that resulted in an assault.

25. Subsequently, the State Jail felony charges against Miss Palacios were no billed by a grand jury.

## VI.   COUNT I: 42 U.S.C. § 1983
## Violation of Due Process Rights

26. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

27. As described more fully above, Defendant, while acting under color of law and within the scope of his employment, deprived Miss Palacios of her constitutional rights.

28. In the manner described more fully above, Defendant conducted a reckless criminal investigation due to inadequate training and disregard for established procedures. Defendants wrongfully arrested Miss Palacios along with the three other passengers in the vehicle.

29. Defendants' misconduct directly resulted in Miss Palacios unjust arrest and continued detention in violation of her clearly established rights under the United States Constitution and interpretative case law.

30. As a result of the Defendants' violation of Plaintiff's constitution rights, she suffered injuries, including but not limited to physical harm, degradation of her mental health, and emotional distress.

31. The misconduct described in this Court was objectively unreasonably and was undertaken intentionally with willful indifference to Miss Palacios constitutional rights.

### VII.   COUNT II:  42 U.S.C. § 1983
### Violation of Fourth Amendment

32. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

33. As described more fully above, the Defendant, while acting under color of law and within the scope of his employment, deprived Miss Palacios of the clearly established and well-settled constitutional right protected by the Fourth Amendment to the U.S. Constitution to be free from unreasonable and warrantless searches and seizures, including unlawful detention and arrest.

34. In the manner described more fully above, Defendants' system, training, and process of processing female inmates was reckless and deliberate. Moreover, Defendants' failure to follow procedure in the above-captioned case was reckless and deliberate.

35. Defendants' misconduct directly resulted in the unlawful search of Miss Palacios in violation of her clearly established rights under the United States Constitution and interpretive case law.

36. As a result of the Defendants' violation of Miss Palacios constitutional rights, Miss Palacios suffered injuries, including but not limited to physical harm, degradation of her mental health, and emotional distress.

37.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Miss Palacios constitutional rights.

## IX. COUNT III:  FALSE ARREST

38. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.
39. Defendants intentionally and unlawfully arrested Plaintiff Courtney Palacios against her will.
40. Defendants lacked any probable cause to detain Plaintiff Palacios.
41. As a result of the Defendants' violation of Miss Palacios clearly established rights under the U.S. Constitution and the Texas Constitution, Plaintiff suffered injuries, including financial harm, degradation of her mental health, and emotional distress.

## XIII.   COUNT VII: ASSAULT

42. Each of the paragraphs of this Complaint are incorporated as if fully set forth herein.
43. At all times relevant, Defendant had a duty to take reasonable measures to prevent the assault of Miss Palacios.
44. Defendant intentionally and knowingly caused physical contact with Miss Palacios knowing that the contact would be regarded as offensive.
45. Additionally, Defendant recklessly caused bodily injury to Miss Palacios when he was pulling and tugging at her nipple.
46. Defendant was acting within the course and scope of his employment at all times relevant and breached his duty of care to Miss Palacios by either (a) deviating significantly from the policies and procedures in place to process a female inmate or (b) failing to adequately be trained on ensuring that the correct personnel is used to process a female inmate.
47. But for the intentional and reckless acts and omissions of the Defendant and his violations of the standards of care and statute set forth herein, Miss Palacios would not

have been injured. Defendant's intentional and reckless acts and omissions therefore amount to assault, and failure to warn, train, and/or educate.

### XIII.   DAMAGES

48. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

49. As a result of the above-described conduct, Miss Palacios has suffered and continues to suffer, great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity.

50. As a direct and proximate result of Defendants actions, Plaintiff suffered the following injuries and damages.

    a. Emotional trauma

    b. Degradation of mental health

    c. Impairment of earning capacity

    d. Attorneys' fees

### IX.   ATTORNEY FEES

51. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

### X.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Palacios respectfully prays that Defendant, be cited to appear and answer herein.  And that upon a final hearing of the cause, that this Court enter judgment in their favor and against Defendants, awarding compensatory damages, costs, and attorneys' fees as well as punitive damages against each of the Individual Defendants and any other relief this Court deems appropriate.

a. Damages in an amount within the jurisdictional limits of this Court;

b. All damages, penalties, and attorneys' fees allowed by 42 U.S.C. §§ 1983 and 1988, and as otherwise may be allowed by federal law;

c. Pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;

d. Post-judgment interest at the legal rate;

e. Costs of the court; and

f. Such other and further relief to which Plaintiff may be entitled at law or equity.

Respectfully submitted,

/s/ Patrick J. McLain
Patrick J. McLain
State Bar No. 13737480
3316 Oak Grove Ave, Suite 200
Dallas, TX 75204
Telephone: (214) 416-9100
Facsimile: (972) 502-9879
Patrick@patrickjmclain.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading shall be served on all Defendants within the 90-day time limit imposed by Fed. R. Civ. P. 4(m).

/s/ Patrick J. McLain
Patrick J. McLain
Attorney for COURTNEY PALACIOS